IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02967-BNB

LAWRENCE RAY COOK,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
FEDERAL BUREAU OF PRISONS, and
U. S. MARSHAL,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER

FEB 12 2010

GREGORY C. LANGHAM
    CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Lawrence Ray Cook, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. He submitted to the Court *pro se* a civil rights complaint for money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 and has paid the $19.00 initial partial filing fee.

The Court must construe the complaint liberally because Mr. Cook is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Under *Bivens*, a plaintiff must allege that the defendants have violated his or her rights under the United States

Constitution while the defendants acted under color of federal law.  For the reasons stated below, Mr. Cook will be directed to file an amended complaint.

The complaint is vague and conclusory.  Mr. Cook asserts one claim as two separate claims.  The gist of his complaint is that, on June 15, 2009, he slipped and fell at "CCA due to a leaky roof" and sustained head and back injuries "as a result of CCA's negligence."  Complaint at 3.  He also alleges that he was denied medical treatment.  He asserts violations of his Fourteenth Amendment due process rights and Eighth Amendment right to be free from cruel and unusual punishment based upon his placement in an "unsafe facility" by the "Federal Bureau of Prisons and U.S. Marshal's [sic]."  Complaint at 4-5.  Because the names in the caption to the complaint do not match the names in the text of the complaint, it is not clear whether he is suing the United States Marshal's Service or United States Marshal Roman L. Hruska as a defendant.  It also is unclear whether Mr. Cook's references to "CCA" are to the Corrections Corporation of America (CCA) and, if so, the identity of the CCA facility at which he was confined and the reasons for the confinement when the alleged slip-and-fall incident occurred.

The amended complaint Mr. Cook will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891

2

F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Cook must assert, simply and concisely, his specific claim or claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. In order for Mr. Cook "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Cook must allege exactly what each defendant did to violate his constitutional rights. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). *Id.* Mr. Cook must show that each defendant caused the deprivation of a

federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Cook may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Cook uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

Lastly, Mr. Cook may not sue the Federal Bureau of Prisons or the United States Marshal's Service in a *Bivens* action. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994); *Pleasant v. Lovell*, 876 F.2d 787, 793 (10th Cir. 1989). The United States, as sovereign, is immune from suit unless it expressly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Bivens*, 403 U.S. at 410; *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1027 (10th Cir. 1989). Accordingly, it is

ORDERED that Plaintiff, Lawrence Ray Cook, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District

Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Cook, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Cook fails to file an amended complaint that complies with this order within the time allowed the complaint and the action will be dismissed without further notice.

DATED February 12, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02967-BNB

Lawrence Ray Cook
Reg No. 12797-047
FCI - Florence
P.O. Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 2/12/10

GREGORY C. LANGHAM, CLERK

By _____
               Deputy Clerk