IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 18 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-02967-BNB

LAWRENCE RAY COOK,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA, and
WARDEN SHELTON RICHARDSON, sued in his individual and official capacities,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Lawrence Ray Cook, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado. Mr. Cook initiated this action by filing *pro se* a civil rights complaint for money damages pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993).

On February 12, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Cook to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, alleged each D defendant's personal participation in the asserted claims of constitutional violations, and sued the proper parties. On March 8, 2010, Mr. Cook filed an amended complaint.

Mr. Cook has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the amended complaint at any time if the claims asserted are frivolous. A legally frivolous claim is

one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Cook is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the amended complaint liberally because Mr. Cook is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. Under *Bivens*, a plaintiff must allege that the defendants have violated his rights under the United States Constitution while the defendants acted under color of federal law. For the reasons stated below, the Court will dismiss the amended complaint and the action as legally frivolous.

Mr. Cook alleges that, on June 15, 2009, he was injured while he was incarcerated at the detention center operated by the Corrections Corporation of America in Leavenworth, Kansas. He specifically complains that because of the negligence of Warden Shelton Richardson, apparently in not repairing a leaking roof, he slipped, fell, and suffered injuries to his head, neck, and back. He further alleges that

he continues to experience pain, stiffness, headaches, and limited motion in his lower back. On the basis of these allegations, he asserts violations of his Eighth Amendment right to be free from cruel and unusual punishment and Fourteenth Amendment right to due process. He does not contend that he has requested or been denied medical treatment for his alleged injuries.

Not every injury suffered by a prison inmate gives rise to liability for a constitutional violation. *See Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). In order to assert a cognizable claim under the Eighth Amendment, Mr. Cook must allege that defendants were deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Stated another way, Mr. Cook must demonstrate both that the injury he suffered was sufficiently serious and that defendants acted with deliberate indifference. *See Tafoya*, 516 F.3d at 916.

Mr. Cook's allegations do not demonstrate an injury that is sufficiently serious because "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Eighth Amendment is not violated unless the conditions deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The fact that Mr. Cook slipped, fell, and suffered injuries is not an extreme deprivation and did not deprive Mr. Cook of the minimal civilized measure of life's necessities.

Mr. Cook also fails to allege facts that indicate defendant Richardson acted with deliberate indifference. Deliberate indifference means that "a prison official may be

3

held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Thus, negligence will not give rise to an Eighth Amendment claim. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495-96 (10th Cir. 1990). Mr. Cook does not allege that defendant Richardson knew he faced a substantial risk of serious harm and disregarded that risk.

Mr. Cook fails to make factual allegations supporting a Fourteenth Amendment due process claim. The United States Constitution guarantees due process when a person is deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Cook does not assert such a deprivation.

For these reasons, the Court finds that the facts alleged by Mr. Cook do not support an arguable claim. As a result, the amended complaint is legally frivolous and must be dismissed. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __18th__ day of __March__, 2010.

BY THE COURT:

_s/Philip A. Brimmer_
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02967-BNB

Lawrence Ray Cook
Reg No. 12797-047
FCI - Florence
P.O. Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/18/10

GREGORY C. LANGHAM, CLERK

By_____
    Deputy Clerk